UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

FMT IP LLC,
a Florida limited liability company,

      Plaintiff,

v.

WAIST SNATCHERS LLC,
a Mississippi limited liability company,

      Defendant.
_____/

CASE NO.: 0:25-cv-61895

## COMPLAINT

Plaintiff, FMT IP, LLC ("Plaintiff" or "FMT") files this Complaint and demand for jury trial seeking relief from patent infringement of U.S. Patent No. D813,320 S (the "'320 Patent" or "Patent-in-Suit") by Defendant, WAIST SNATCHERS, LLC ("Defendant" or "WAIST SNATCHERS").

### I. *Introduction*

1. This is an action for design patent infringement under 35 U.S.C. §§ 271, 283, 284, and 289 arising from WAIST SNATCHERS' manufacture, importation, use, offering for sale, and/or sale of the invention (i.e., the design) claimed in the '320 Patent, namely, the manufacture, importation, use, offer for sale, or sale of a waist band which is identical or substantially the same as the ornamental design and appearance of the Fitness Belt shown and claimed in the '320 Patent. A true and correct copy of the '320 Patent is attached as ***Exhibit "1."***

2. WAIST SNATCHERS' accused waist belts (collectively, the "Accused Products") are marketed and sold throughout the United States—including in this District—via e-commerce

1

storefronts (e.g., proprietary websites, third-party marketplaces, and social-commerce channels) and, upon information and belief, via Florida-based fulfillment channels and/or shipments into Florida addresses.

## II. *The Parties*

3. Plaintiff FMT is a Florida limited liability corporation with its principal place of business at 4233 W Hillsboro Blvd, Unit 970662, Coconut Creek Florida.

4. Defendant WAIST SNATCHERS is a Mississippi limited liability corporation with its principal place of business at 4367 Eaton Rd, Long Beach, MS 39560. It operates one or more online storefronts and sells Accused Products in Florida.

## III. *Jurisdiction And Venue*

5. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338 because FMT's claims arise under the Patent Act.

6. WAIST SNATCHERS is subject to personal jurisdiction in Florida consistent with Fla. Stat. § 48.193(1)(a)(1)– (6), including transacting business in Florida, committing tortious acts in Florida, and causing injury in Florida arising from products placed into the stream of commerce with the expectation they will be used in Florida. WAIST SNATCHERS have purposefully directed infringing sales into Florida, including this District, as shown in ***Exhibit "2"*** (documented Florida purchase, order confirmation, tracking, and delivery). WAIST SNATCHERS' interactive online sales channels specifically offer and ship the Accused Products to Florida addresses. WAIST SNATCHERS profited from these sales, and the claims asserted here arise out of or relate to those Florida contacts.

7. Venue is proper in this District because WAIST SNATCHERS has committed acts of infringement in this District and has a regular and established place of business here, and/or, for

a foreign WAIST SNATCHERS, venue is proper in any judicial district under 28 U.S.C. § 1391(c)(3). Venue is further supported by the Florida purchase and delivery documented in **Exhibit "2**,*"* WAIST SNATCHERS' purposeful commercial sales into this District, and Plaintiff's injuries suffered here.

### IV. *Plaintiff's Patent Rights*

8. On March 20, 2018, the United States Patent and Trademark Office duly and legally issued the '320 Patent to inventor Yesenia Delarosa for the ornamental design of a "Fitness Belt." The patent carries a 15-year term from its March 20, 2018, issue date. See **Exhibit "1."**

9. On June 16, 2025, the '320 Patent and was assigned to FMT. A copy of the Notice of Recordation of Assignment issued by the United States Patent and Trademark Office is attached hereto as **Exhibit "3."**

10. The fitness belt embodied in the '320 Patent is manufactured, offered for sale, marketed, and/or sold by FMT & FGT LLC by permission from the patent owner, FMT. Screenshots of FMT & FGT, LLC's online storefronts are attached hereto as **Composite Exhibit "4."**

11. The '320 Patent's claim states: "The ornamental design for a fitness belt, as shown and described," and includes Figures 1–7 depicting various views of the claimed belt. *See* **Exhibit "1."**

12. FMT owns all rights, title, and interest in and to the '320 Patent, including the right to sue for past, present, and future infringement.

### V. *Defendant's Infringing Conduct*

13. FMT provided WAIST SNATCHERS with actual and constructive notice of the '320 Patent and of its infringing conduct. Beginning on or about July 8, 2025, FMT submitted

intellectual property takedown requests to WAIST SNATCHERS' online storefronts on various e-commerce platforms that expressly identified the '320 Patent and the infringing listings. True and correct copy of a representative takedown notice, platform correspondence, and removal confirmation is attached as ***Exhibit "5."***

14. On information and belief, those platforms communicated FMT's takedown notices and/or removal decisions to WAIST SNATCHERS and/or its storefront operators, thereby making WAIST SNATCHERS aware of FMT's patent rights and the alleged infringement.

15. Notwithstanding such notice, WAIST SNATCHERS continued to make, use, offer to sell, sell, and/or import the Accused Products, including in Florida and within this District.

16. WAIST SNATCHERS makes, uses, offers to sell, sells, and/or imports the Accused Products throughout the United States and in this District. Representative screenshots, packaging, and photographs showing the Accused Products' ornamental features are attached as ***Exhibit "6."***

17. Rather than innovate and develop its own designs and a unique style for its fitness belt products, WAIST SNATCHERS chose to copy FMT's innovative design elements.

18. The overall visual appearance of the Accused Products is identical to, or substantially the same as, the design claimed in the '320 Patent, including as depicted in Figures 1 through 7.

19. Sample images of the Accused Products are shown below in side-by-side comparison with the corresponding figure from the '320 Patent that the Accused Products infringe.





20. As can be seen in the above images, the Accused Product fully embody the FMT's patented design. The Accused Product has the following salient features, including but not limited to:

(a) the overall elongate, oval shape of the inner belt panel, showing the same silhouette and proportions of the invention as shown in FIGs. 1-5 of the '320 Patent;

(b) the centrally positioned cinching band overlying the backing belt panel, which is bounded by a contrasting end sections matingly fastening to one another by fabric-backed (e.g., Velcro®) and overlapping connecting sections (FIGs. 1-4);

(c) the arrangement of vertical support ribs along the backing belt span (FIGS. 2-4); and

(d) the contours and balance of claimed ornamental features as shown in the FIGs. 1-7 of the '320 Patent.

21. In addition to the images of the Accused Products are attached hereto as **Exhibit "6"** WAIST SNATCHERS' advertising and offering the Accused Product for sale can be found on the exemplary links below:

   a. https://www.tiktok.com/@waistsnatchers/video/7496687950432947502?_r=1&_t=ZP-8xjm6xDt37e.

   b. https://www.tiktok.com/@waistsnatchers/video/6873849233263381765

   c. https://www.tiktok.com/@waistsnatchers/video/7138507431507758382

22. WAIST SNATCHERS' listings and product pages target Florida customers, calculated to result in sales and deliveries in this District, as confirmed in **Exhibit "2"** documenting a Florida purchase to an address within the Southern District of Florida with order confirmation, shipment tracking, and proof of delivery.

## COUNT I
## Design Patent Infringement (35 U.S.C. § 271(a))

23. FMT realleges and incorporates by reference paragraphs 1–22, including all images and figures as though each such paragraph, image, and figure has been fully set forth herein.

24. WAIST SNATCHERS has directly infringed and is infringing the '320 Patent by making, using, importing, offering for sale, and/or selling the Accused Products that embody the patented design without authorization.

25. FMT is informed and believes, and on that basis alleges, that WAIST SNATCHERS has gained profits by virtue of its infringement of the '320 Patent.

26. FMT has suffered and continues to suffer irreparable harm to the market for the patented design, including, but not limited to, loss of exclusivity, loss of goodwill, price erosion, and damage to relationships with distributors and retailers. Monetary damages alone are inadequate, and FMT is entitled to injunctive relief. Unless enjoined, WAIST SNATCHERS will continue its infringing conduct.

## COUNT II
## Induced Infringement (35 U.S.C. § 271(b))

27. FMT realleges and incorporates by reference paragraphs 1–22, including all images and figures as though each such paragraph, image, and figure has been fully set forth herein.

28. WAIST SNATCHERS has knowingly induced infringement by instructing, encouraging, and aiding resellers, affiliates, and customers to market and sell the Accused Products in the United States, including Florida, with knowledge of the '320 Patent.

29. FMT has suffered and continues to suffer irreparable harm to the market for the patented design, including, but not limited to, loss of exclusivity, loss of goodwill, price erosion, and damage to relationships with distributors and retailers. Monetary damages alone are inadequate, and FMT is entitled to injunctive relief. Unless enjoined, WAIST SNATCHERS will continue its infringing conduct.

## PRAYER FOR RELIEF

WHEREFORE, FMT prays for relief as follows:

a.  A judgment that WAIST SNATCHERS has infringed, and is infringing, the '320 Patent;

b.  A preliminary and permanent injunction enjoining WAIST SNATCHERS and all persons in active concert or participation with it from further acts of infringement (35 U.S.C. § 283);

c.  An order directing WAIST SNATCHERS to recall, sequester, and deliver for destruction all infringing products and related materials in its possession, custody, or control;

d.  An accounting and award to FMT of WAIST SNATCHERS' total profits from the sale of the Accused Products pursuant to 35 U.S.C. § 289, together with pre- and post-judgment interest;

e.  In the alternative, damages adequate to compensate FMT for the infringement, but in no event less than a reasonable royalty, together with pre- and post-judgment interest (35 U.S.C. § 284);

f.  A finding of willful infringement and an award of enhanced damages pursuant to 35 U.S.C. § 284;

g.  A declaration that this case is exceptional and an award of reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

h.  Such other and further relief as the Court deems just and proper.

## JURY DEMAND

FMT demands a trial by jury on all issues so triable.

Respectfully submitted,

**500law**
*Attorneys for Plaintiff*
Museum Plaza
200 South Andrews Avenue, Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474

By:   /s/ Salvatore Fazio
**Salvatore Fazio, Esq.**
Fla. Bar No.: 127525
Primary E-mail: sfazio@500law.com
Secondary E-mail: docketing@500law.com

**Exhibits:**
*Exhibit 1:* '320 Patent
*Exhibit 2:* Documented Florida purchase, order confirmation, tracking, and delivery
*Exhibit 3:* Notice of Recordation of Assignment
*Exhibit 4:* Screenshots of FMT & FGT, LLC's online storefronts
*Exhibit 5:* Copies of representative takedown notice, platform correspondence, and removal confirmation
*Exhibit 6:* Representative screenshots, packaging, and photographs showing the Accused Products' ornamental features